BOUTALL, Judge.
This appeal is taken by a plaintiff from a judgment awarding her $5,000.00 for general damages as a result of being injured in an automobile accident. The plaintiff appeals claiming that the award is unreasonably low. We affirm.
On January 13,1978, Yvetta Porter Ches-ser was driving her vehicle down the River Road in Marrero, Louisiana, when a car being driven by the defendant, Cynthia Re-boul, struck Chesser’s car in the rear. Chesser had been driving her car to work when she noticed that she was having some mechanical problems so she decided to pull her car onto the shoulder of the road. In the meantime, Reboul had been following her for sometime and when Chesser began to have mechanical troubles, Reboul stopped her car to allow Chesser to get off the road. Reboul then proceeded forward somehow hitting the curb causing her to crash into Chesser’s vehicle. As a result of the accident, Chesser claims that her head snapped back causing injuries to her neck and back. In addition, she argues that these injuries has caused her additional mental problems which kept her from holding onto a job.
At trial, several doctors for both parties testified to the mental disposition of the plaintiff. Their opinions ranged from one opinion that the mental state of the plaintiff was one of hysteria to several opinions that she was completely normal. In regards to the physical injuries suffered in the accident, it was determined that Chesser had been suffering from some se *208 vere back pain long before the accident occurred and, in fact, Chesser was wearing a back brace at the time of the accident. Subsequently, she was also involved in a second accident which caused further complications in roughly the same area. In view of these facts, we cannot say that the jury award was unreasonably low. In situations of this kind, it is difficult to accurately assess the amount of injuries that the plaintiff suffered in the incident in question because of her prior condition and the subsequent accident. With this in mind, we believe the damages award of $5,000.00 made by the jury was not an abuse of discretion. See L.S.A.C.C. 1934(3).
Appellant also argues that the award given was unreasonably low because the trial judge made improper jury charges. At trial, the plaintiff requested two special charges concerning the right of the plaintiff to recover for any psychiatric injuries that she may have suffered or for the aggravation of any prior mental condition. The trial judge refused both charges preferring to give the general charges that he had prepared concerning any possible mental anguish that the plaintiff may have incurred as a result of the accident in question.
We have read the charges in question and find that in the general charges submitted to the jury by the trial judge, he specifically charged the jury to award compensation for any pain, suffering, or mental anguish for injury sustained which proximately resulted from the accident. The trial judge also charged the jury to compensate the plaintiff for pain, suffering, or mental anguish that the plaintiff is reasonably certain to suffer in the future which is the proximate result of the accident. Additionally, he charged that the jury may award damages for any loss of plaintiff’s ability to perform normal physical activities and functions as well as personality changes that may affect her activities. Consequently, we find no error in the trial judge’s rulings regarding the jury charges in question.
In accordance with the above opinion, we affirm the jury’s finding that the plaintiff is entitled to $5,000.00 in general damages for injuries sustained in the accident in question.
AFFIRMED.